Ruffin, C. J,
 

 The declaration has two counts: the one, on the special agreement; and the other, the com* mon one for work and labor. The verdict was given for the plaintiff on the first count, subject to the opinion of the Court on points reserved.
 

 On the first of those points this Court concurs with his Honor. There are several Acts of Congress which avoid a sale, assignment, or transfer of a pension, or any part of it, under all circumstances, and to all intents ; and, of course, if the Court could find, as a matter of law, that this was a contract of that character, it would be held to be void, as contravening the policy and enactment of the Statutes. To constitute a sale or assignment of a right, it is essential that the contract for that purpose should be that of the person to whom the right belongs ; either made by the owner in proper'person, or by some other on behalf or with the knowledge and concurrence of the owner. The mere unauthorised bargain of a stranger can have no effect whatever in transferring the pension. It cannot be denied, that, considering the relation of a
 
 *124
 
 mother and son, and the provisions of the Acts of Congress touching transfers of pensions, and the terms of this agreement, it seems highly probable, the treaty was made with the mother, or with the son on her behalf and with her privity, and that it was put purposely inlo this form, as a shift and device to evade and defraud the law by keeping-out of sight the real intent and giving the transaction the appearance of a contract with the son and in his name, while there was in reality an undertaking between the plaintiff and the mother and son, that the whole was done on the mother’s account, and that she would fulfil her son’s engagement. If such was the truth of the case, there is no doubt, that it would come within the statutes. But it is competent for a jury only to draw inferences of the pensioner’s privity from those circumstances. They might ask, if the object was not to evade the law, why the plaintiff did not bargain with the mother directly, instead of the son, for the payment to the plaintiff of one half of the pension itself; and, nothing appearing to the contrary, they might, with much reason, infer, as a fact, that such was the object, and that the mother was cognizant of the contract and was to be bound by
 
 it.
 
 But the Court cannot, as a matter of law, infer the same thing. For, it is possible, that the defendant might have treated without his mother’s privity, and from filial regard might have been moved to pay out of his own pocket one half as much as the mother might gain ; and, for aught the Court can see in the instrument, such might be the fact in this instance. If so, it could not be deemed the assignment of the mother ; and, if it be not hers, it is not an assignment or transfer at all, and, so, not within the Acts of Congress.
 

 Upon the second point reserved, the Court is of opinion from the terms and scope of the contract, that it referred exclusively to a right to a pension then subsisting or supposed to subsist ; and that, as there was no right at
 
 *125
 
 the time, the bargain and the subject of it failed together. The defendant had no notion of employing the plaintiff, nor had the plaintiff any intention of engaging, to solicit from Congress the grant of a pension to this lady. But the purpose was to establish her right, as the widow of an officer of the revolution, to one already granted, as they understood. The language is, that the plaintiff ‘■promised to procure for the defendant’s mother a pension
 
 supposed to be due her
 
 as &c., and in the event of
 
 his doing so,”
 
 the defendant promised to pay him one half the pension. This language agrees with what might have been expected from the nature of the subject. It is not uncommon — though not at such prices, it is to be hoped —to employ persons to discover and prepare the requisite proofs to entitle one to a pension under a law already passed. But it is, we believe, quite unusual, if not unknown, to appoint one as a Solicitor to Congress to procure the passing of a law granting pensions. Indeed, it is not pretended, that the plaintiff performed any such service as that; The claim is, that under evidence prepared to establish, as was supposed, an existing right to a pension, the lady was decided to be entitled to a pension granted four years afterwards. Such a case was not at all in the view of the parties. They were not treating for the division of the bounty of the Country, which might never be granted and was altogether uncertain in amount; but for that of a known amount. Both the words of the agreement and the circumstances repel the plaintiff’s claim.
 

 As the plaintiff’s services did not enure to the benefit of the defendant, he is liable only as far as he expressly agreed. In such a case the law cannot imply a promise. There was, therefore, no error in directing the jury to find for the defendant on the second count.
 

 But, as there was an error in the finding on the first count, the judgment must be reversed ; and, under the
 
 *126
 
 agreement in the record, judgment must be entered for the defendant as upon a non-suit.
 

 ■ Per Curiam. Judgment accordingly.